**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Ruth Neal, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   13 C 6933 |
| | ) | |
| Asset Acceptance, LLC, a Delaware | ) | |
| limited liability company, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Ruth Neal, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3.      Plaintiff, Ruth Neal ("Neal"), is a citizen of the State of Ohio, from whom Defendant attempted to collect a delinquent consumer debt she allegedly owed originally to Bank of America, which was then allegedly owed to Asset Acceptance, LLC, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program

("LASPD"), located in Chicago, Illinois.

4.      Defendant, Asset Acceptance, LLC ("Asset"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  Asset operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant Asset was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.      Defendant Asset is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, <u>see</u>, record from the Illinois Secretary of State, attached as Exhibit <u>A</u>.  In fact, Defendant Asset conducts extensive and substantial business in Illinois.

6.      Defendant Asset is licensed as a debt collection agency in the State of Illinois, <u>see</u>, record from the Illinois Division of Professional Regulation, attached as Exhibit <u>B</u>.  In fact, Defendant Asset acts as a collection agency in Illinois.

7.      Defendant Asset is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon, at times through other collection agencies.

## FACTUAL ALLEGATIONS

8.      Ms. Neal is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed to Bank of America. At some point in time after that debt became delinquent, Defendant Asset bought Ms.

Neal's Bank of America debt, and when Asset began trying to collect the Bank of America debt from her, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant's collection actions.

9.      Specifically, Defendant Asset hired Pentagroup Financial, LLC ("Pentagroup"), to demand payment of the Bank of America debt from Ms. Neal, by sending her a collection letter, dated March 6, 2012.  A copy of the March 6, 2012 letter is attached as Exhibit C.

10.     Accordingly, on April 18, 2012, one of Ms. Neal's attorneys at LASPD informed Defendant Asset, through its collection agent, Pentagroup, that Ms. Neal was represented by counsel, and directed Defendant Asset to cease contacting her, and to cease all further collection activities because Ms. Neal was forced, by her financial circumstances, to refuse to pay her unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit D.

11.     Nonetheless, Defendant Asset then sent Ms. Neal a collection letter, dated June 3, 2013, demanding payment of the Bank of America debt.  A copy of this letter is attached as Exhibit E.

12.     Accordingly, on July 31, 2013, Ms. Neal's LASPD attorney had to send Defendant Asset yet another letter, directing it to cease communications and to cease collections.  Copies of this letter and e-mail confirmation are attached as Exhibit F.

13.     Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

14.     Defendant's collection communications are to be interpreted under the

3

"unsophisticated consumer" standard.  <u>See</u>, <u>Gammon v. GC Services, Ltd. Partnership</u>, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

15.     Plaintiff adopts and realleges ¶¶ 1-14.

16.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  <u>See</u>, 15 U.S.C. § 1692c(c).

17.     Here, the letter from Ms. Neal's agent/attorney, LASPD, told Defendant Asset to cease communications and cease collections.  By continuing to communicate regarding this debt and demanding payment, Defendant Asset violated § 1692c(c) of the FDCPA.

18.     Defendant Asset's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

19.     Plaintiff adopts and realleges ¶¶ 1-14.

20.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  <u>See</u>, 15 U.S.C. § 1692c(a)(2).

4

21.     Defendant Asset knew, or readily could have known, that Ms. Neal was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant Asset, in writing, that Ms. Neal was represented by counsel, and had directed a cessation of communications with Ms. Neal.  By directly sending Ms. Neal a collection letter, despite being advised that she was represented by counsel, Defendant Asset violated § 1692c(a)(2) of the FDCPA.

22.     Defendant Asset's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Ruth Neal, prays that this Court:

1.     Find that Defendant's debt collection actions violated the FDCPA;

2.     Enter judgment in favor of Plaintiff Neal, and against Defendant Asset, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Ruth Neal, demands trial by jury.

Ruth Neal,

By: /s/ David J. Philipps____
One of Plaintiff's Attorneys

Dated:  September 26, 2013

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com